IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AETNA INC., ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | |
| WHATLEY KALLAS, LLP, a Colorado ) | Civil Action No.: 2:18-cv-02172-JS |
| Limited Liability Partnership; WHATLEY ) | |
| KALLAS, LLC, a Colorado Limited Liability ) | ORAL ARGUMENT |
| Company; and CONSUMER WATCHDOG, a ) | REQUESTED |
| California Non-Profit Corporation, ) | |
| ) | |
| Defendants. ) | |

**WK'S MOTION & MEMORANDUM IN SUPPORT OF ITS MOTION TO STRIKE
CERTAIN ALLEGATIONS AND DOCUMENTS IN AETNA'S DECLARATIONS**

Whatley Kallas, LLP ("WK"), moves to strike certain allegations and documents in three of the declarations Aetna submitted ("Aetna Declarations") in its opposition to WK's Motion to Dismiss, or, in the Alternative, to Transfer Venue (the "Motion to Dismiss").

**II.    DECLARATIONS & ARGUMENT**

*A. Heather L. Richardson ("Richardson")'s Declaration contains inadmissible statements that should be stricken.*

Richardson is a California attorney and one of the Gibson, Dunn & Crutcher LLP ("Gibson") attorneys who represented Aetna in the Doe Action.[1] (Dkt # 39-1, Richardson Decl. ¶¶ 1-2.) The vast majority of Richardson's declaration contains irrelevant "facts" that should not

---

[1] To the extent capitalized terms are not defined herein, WK refers to them as they were used in its Motion to Dismiss, Dkt # 15.

be considered because they are not relevant to the issue of personal jurisdiction or venue, as discussed in WK's Reply in support of the Motion to Dismiss, filed concurrently with this Motion.[2]

As a separate issue, the following statements are inadmissible and should be stricken. Richardson states she "does not recall any discussion or request that the release in the settlement would apply to claims for future acts, errors, omissions, negligence, or tortious conduct of any party." (*Id.* at ¶ 3.)  However, in addition to the fact she cannot dispute the release applies to "unknown claims," Richardson failed to identify any ambiguity in the Settlement Agreement (or its release) and the Settlement Agreement contains an integration clause. (Dkt # 15, Mot. at Ex. B-1, Settlement Agreement, ¶ 10.)  This statement is therefore barred by the parol evidence rule and must be stricken. West's Ann. Cal. C.C.P. § 1856; West's Ann. Cal. Evid. Code § 1523.[3]  This statement also lacks foundation and personal knowledge.  Fed. R. Evid. 602 & 901.

Likewise, Richardson's statements regarding what the settlement contemplated, why the Settlement Agreement contained certain provisions, and how KCC came to be involved in this matter, consist of inadmissible hearsay (Fed. R. Evid. 802) and are barred by the parol evidence rule for the same reasons discussed above, particularly in light of Ex. D of the Settlement Agreement that specifically refers to KCC and section 3(g) of the Settlement Agreement that provides all of KCC's costs are to be paid by Aetna.  Ann. Cal. C.C.P. § 1856; West's Ann. Cal.

---

[2] Though, it is worth noting that a number of these statements actually support WK's position that this Court does not have jurisdiction or venue over Aetna.

[3] Because the parol evidence rule is a matter of substantive law, California law governs, however, even under Pennsylvania's parol evidence rule, this testimony is barred.  *Mellon Bank Corp. v. First Union Real Estate Equity & Mortg. Investments*, 951 F.2d 1399, 1404 (3d Cir. 1991).

Evid. Code § 1523. (Richardson Decl. ¶¶ 4-5.) Richardson also misstates the document, which provides only for use of an administrator to send monetary claims, not the notices of policy change at issue here. (Compare Settlement Agreement, ¶¶ 3(b) and 3(f)(7) and Exhibit D).

Particularly concerning is Richardson's statement that because Defendants were purportedly awarded fees to work with KCC, (of which there is no evidence in the record to support that claim) it was solely "Defendants' responsibility to oversee KCC's work, and to take whatever actions necessary to ensure that KCC was performing its duties appropriately and in compliance with the Settlement and any Court orders in the *Doe* Lawsuits, including ensuring that KCC signed the QPOs entered by the Courts in the *Doe* Lawsuits. I expected Defendants to comply with those obligations. I later learned that Defendants failed to require KCC to sign the QPOs." (*Id.* at ¶ 16.) Placing aside for one moment (i) that the Court in California had already entered a QPO, (ii) that it was Aetna that provided the PHI in question to KCC, (iii) that it was Aetna that paid KCC, and (iv) that it was Aetna that entered into an agreement with KCC or was supposed to, and thus it was Aetna's sole responsibility to enter into a business associate agreement with KCC prior to providing PHI to it, this is an improper legal opinion and Richardson has not established she is qualified in any way to render such an opinion. West's Ann. Cal. Evid. Code §§ 310, 800; *Sheldon Appel Co. v. Albert & Oliker*, 47 Cal. 3d 863, 884 (1989) ("experts may not give opinions on matters which are essentially within the province of the court to decide"); accord *Summers v. A.L. Gilbert Co.*, 69 Cal.App.4th 1155, 1179 (1999) ("The prohibition against expert opinion on an

issue of law has been applied in many contexts").[4]  In the event that this cases survives the Motion to Dismiss, and it should not, this is a matter for the Court to decide—not Aetna's counsel in the Doe Action.  Also, this is contrary to the Settlement Agreement, which placed the obligation solely on Aetna.  As Aetna admits, KCC could not have received or mailed the PHI at issue without Aetna's agreement.  (Richardson Decl. ¶ 6.)  WK did not have the PHI, and had no ability or authority to send it or hire KCC to do so, or direct or supervise KCC in handling Aetna's data that Aetna agreed to mail.  (*See Id;* see also, Dkt #15-3, Mansfield Decl. ¶ 27.)

> B. *Christin L. Bassett ("Bassett)'s declaration includes inadmissible statements that should be stricken.*

Bassett is the Executive Director and Senior Counsel for Consumer Litigation with Aetna and the alleged professional that was in charge at Aetna for the Doe Action.  (Dkt # 39-2, Bassett Decl. ¶¶ 1.)  Presumably Bassett is a fact witness, but she does not represent that she has personal knowledge of matters in her declaration.  Thus, her declaration should be stricken for lack of personal knowledge.  Fed. R. Evid. 602.

Also, like Richardson, she improperly attempts to include inadmissible parol evidence in her declaration stating that "I did not intend for Aetna to release any claims arising from the future acts, errors, omissions, negligence or tortious conduct of any party, and I did not understand the releases in the Settlement Agreement to release any such claims."  (Bassett Decl. ¶ 4.) This paragraph must be stricken under the parol evidence rule, since it directly contradicts Section 8(b) that provides any claims arising out of the resolution of the agreement are to be released.  West's

---

[4] Pennsylvania law is similar. *In re Wellbutrin SR Antitrust Litig.*, CIV.A. 04-5525, 2010 WL 8425189, at *2 (E.D. Pa. Mar. 31, 2010).  Even expert witnesses are barred from rendering legal opinions.

Ann. Cal. C.C.P. § 1856; West's Ann. Cal. Evid. Code § 1523. Like Richardson, this witness failed to identify any ambiguity in the release, and the Settlement Agreement contains an integration clause. (Settlement Agreement, ¶ 10.)

> *C. Matthew P. Kanny ("Kanny)'s declaration includes inadmissible statements and exhibits that must be stricken.*

Matt Kanny represents Aetna in connection with the above captioned case. (Dkt # 39-3, Kanny Decl. ¶¶ 1.)

While Kanny claims to have personal knowledge of "facts" in his declaration, Kanny fails to establish any personal knowledge for many of the statements in his declaration, particularly as he was never counsel of record in the underlying Doe Action. In paragraph 2 of his declaration, Kanny attempts to introduce an email relating to the Doe Action and subsequent settlement, into evidence. However, Kanny does not testify that he participated in any way in the Doe Action or the subsequent settlement and Kanny is not a sender or a recipient of the email. Kanny Decl. ¶ 2 & Exh. 1 thereto. Paragraph 2 and Exhibit 1 referenced therein, therefore, should be stricken for lack of personal knowledge. Fed. R. Evid. 602. The exhibit should also be stricken as inadmissible hearsay. Fed. R. Evid. 802.

For the same reasons discussed above, paragraph 3 of the declaration should be stricken; again, Kanny has not testified that he has any personal knowledge of the Doe Action and subsequent settlement and in fact does not have such personal knowledge. Fed. R. Evid. 602. Paragraph 3 is also inadmissible hearsay. Fed. R. Evid. 802.

Further, many other statements in Kanny's declaration about the history of the action are hearsay and lack foundation (Kanny Decl. ¶¶ 4, 6, 7, 11, 13), and therefore, should be stricken. Fed. R. Evid. 901 & 802.

Finally, paragraph 8 should be stricken because it lacks foundation and improperly calls for a legal opinion. Fed. R. Evid. 901; West's Ann. Cal. Evid. Code §§ 310, 800; *Sheldon Appel Co.*, 47 Cal.3d at 884; accord *Summers*, 69 Cal. App. 4th at 1179. *See* also, **Exhibit A**, Declaration of Julian Brew.

FOR RELIEF, Whatley Kallas, LLP respectfully request this Court strike the statements and exhibits of the various Aetna Declarations listed above, and for any other relief this Court deems just and appropriate.

Respectfully submitted,

By: /s/Caroline Pritikin

GAETAN J. ALFANO, ESQUIRE
DOUGLAS E. ROBERTS, ESQUIRE
PIETRAGALLO GORDON ALFANO
BOSICK & RASPANTI, LLP
1818 Market Street, Suite 3402
Philadelphia, PA  19103
(215) 320-6200
gja@pietragallo.com
der@pietgragallo.com
I.D. Nos. 32971, 321950

J. DAVID DUFFY
CAROLINE PRITIKIN
THOMPSON COBURN LLP
55 E. Monroe St., Suite 3700
Chicago, IL 60603
(312) 346-7500
dduffy@thompsoncoburn.com
cpritikin@thompsoncoburn.com

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on the 1st day of November, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system.

<u>/s/Caroline Pritikin</u>